Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4232 | **DATE** | 12/14/2001 |
| **CASE TITLE** | STEWART vs. MOLDED PLASTIC'S RESEARCH OF IL. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the court grants Defendant's motion to dismiss the complaint and compels arbitration. The complaint is dismissed without prejudice, however, and Plaintiff, Stewart, is free to pursue whatever claims he may have subsequent to arbitration.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOUGLAS P. STEWART )
)
Plaintiff, )
)
v. ) NO. 01 C 4232
)
MOLDED PLASTIC'S RESEARCH )
OF ILLINOIS, INC. )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Douglas P. Stewart ("Stewart") has filed this lawsuit against Defendant, Molded Plastics Research of Illinois, Inc.'s ("MPR") alleging four counts: breach of an Employment Agreement (Count I); failure to provide employee health insurance coverage in violation of Illinois law and the Employee Retirement and Income Security Act ("ERISA") (Count II); failure to provide Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq., notice in violation of ERISA (Count III); and default upon promissory note (Count IV). Before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

In 1998 Stewart sold his ownership interest in Molded Plastics for $2 million. In connection with the transaction Stewart entered into a series of agreements including a Stock Purchase Agreement, an Employment Agreement, and a Promissory Note. Pursuant to Section 1.1 of the Agreement Stewart agreed to sell all of his shares in Molded Plastics to Paul Doran.

1

The Stock Purchase Agreement makes specific reference to the Employment Agreement in Section 5.2(h), while the Promissory Note is referenced in Section 2.2(b). Pursuant to section 7.17 of the Stock Purchase Agreement, Stewart agreed that any "dispute aris[ing] out of or result[ing] from this Agreement, any document or instrument referred to directly or indirectly herein, or any of the transactions contemplated herein or therein" be first submitted to mediation administered by the American Arbitration Association. If not resolved in such mediation, then any such dispute "shall be settled by arbitration administered by the American Arbitration Association in Chicago, Illinois under the American Arbitration's commercial arbitration rules." Defendant argues that Stewart has failed to comply with the arbitration clauses in the Stock Purchase Agreement and has instead filed this lawsuit.

## DISCUSSION

Defendant, MPR, moves to dismiss plaintiff, Douglas Stewart's, claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, the court will take all well-plead facts as true for purposes of the motion. A motion to dismiss is proper when the court is convinced beyond doubt that under no set of facts can the plaintiff prevail. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). For purposes of the motion, the court will construe the complaint liberally. *Id.* However, plaintiff bears the burden of establishing that the arbitration clause is unenforceable. *See Shearson/Am. Express v. McMahon*, 482 U.S. 220, 225-6 (1987).

The instant motion requires the Court to determine whether the allegations in Stewart's complaint fall under the dispute resolution provisions of the Stock Purchase Agreement. If

Stewart's claims fall under these provisions, the court should order a stay and compel the parties to resolve the instant dispute through arbitration. To determine whether a valid arbitration agreement exists between the parties, courts look to the state law that ordinarily governs the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). The Agreement is governed by Illinois law. (Stock Purchase Agreement section 7.17). Plaintiff alleges four counts against MPR basically asserting breach of contract claims surrounding the Employment Agreement. Plaintiff fails to recognize the presence of an agreement to arbitrate as outlined in the Stock Purchase Agreement which specifically references and incorporates the aforementioned Employment Agreement.

The central purpose of the Federal Arbitration Act ("FAA"), is "to ensure that private agreements to arbitrate are enforced according to their terms." *Mastrobouno v. Shearson Lehman Hutton, Inc.* 514 U.S. 52, 53-54 (1995). The FAA provides that controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity." FAA, 9 U.S.C. § 2. The FAA manifests a "liberal federal policy favoring arbitration agreements." *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 121 S. Ct. 513, 522 (2000) (quoting *Moses H. Cone Memorial Hosp. V. Mercury Const.*, 460 U.S. 1, 24 (1983)). Under the FAA, arbitration is favored "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," *S+L+H S.p.A. v. Miller-St. Nanianz, Inc.*, 988 F.2d 1518, 1524 (7th Cir.1993), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Mastrobouno*, 514 U.S. at 62 n. 8 (quoting *Moses H.*

*Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983)). To further this policy in favor of arbitration, § 3 of the FAA provides, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration ... shall on application of one of the parties stay the trial of the action until such arbitartion has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3.

Arbitration clauses stating they reach all disputes "arising out of or relating to" an agreement cover "all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress International, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993). Once it is clear that the parties have a contract that provides for arbitration of the contested issues between them, the arbitration provisions must be given their broadest meaning. *Miller v. Flume*, 139 F. 3d 1130, 1136 (7th Cir. 1998).

Defendant argues that each of Stewart's claims set forth in his complaint fall under Section 7.17 of the Stock Purchase Agreement which provides that "any dispute aris[ing] out of or result[ing] from this agreement, any document referred to directly or indirectly herein, or any of the transactions contemplated herein or therein" be first submitted to mediation, and if not resolved, then to arbitration." Plaintiff naturally disagrees. It is undisputed that the parties entered into a series of agreements in connection with the sale of Stewart's stock in Molded Plastic's Research. There is no argument that the Stock Purchase Agreement does not constitute a valid and binding agreement. Rather, Stewart argues because the clause itself was not contained in his Employment Agreement itself it cannot be incorporated by reference by the terms of the Stock

4

Purchase Agreement. We disagree. The arbitration clause clearly incorporates by its terms all documents or instruments referred to in the Stock Purchase Agreement. Obviously, Stewart's employment agreement is one of three documents referenced in the overall Stock Purchase Agreement. Furthermore, Paragraph 9.10 of Stewart's Employment Agreement clearly states that "[t]his Agreement, together with the Purchase Agreement, sets forth the entire understanding of the parties, with respect to the subject matter of this Agreement and supersedes any other agreements, whether oral or written, between the parties with respect to the subject matter of the Agreement. Therefore, Stewart has failed to meet the burden imposed on him by law as the party resisting arbitration.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss the complaint and compels arbitration. The complaint is dismissed without prejudice, however, and Stewart is free to pursue whatever claims he may have subsequent to arbitration.

**SO ORDERED**

ENTERED: 12/14/01

Ronald A. Guzman
United States Judge

5